KETHLEDGE, Circuit Judge,
dissenting.
The outcome of this case turns upon whether the City of Gibraltar’s firefighters are “employees” under the Family and Medical Leave Act. The Act defines the term “employee” by incorporating the definition found in § 203(e) of the Fair Labor Standards Act. 29 U.S.C. § 2611(3). That section unhelpfully defines “employee” to mean “any individual employed by an employer.” Id. § 203(e)(1). Section 203(e) further provides that “employee” does not include “any individual who volunteers to perform services for a public agency[.]” Id. § 203(e)(4)(A).
Volunteer status precludes employee status under the Leave Act; but that *573 someone is not a volunteer does not necessarily mean they are an employee. Some types of workers fall into neither category, such as independent contractors, prisoners, and .residential assistants in college dorms. See Donovan v. Brandel, 786 F.2d 1114 (6th Cir.1984); Harker v. State Use Indus., 990 F.2d 131 (4th Cir.1993); Marshall v. Regis Educ. Corp., 666 F.2d 1324 (10th Cir.1981). Thus we must ask two questions here: first, whether the firefighters are volunteers under § 203(e)(4)(A); and second, if not, whether they meet the definition of employees under § 203(e)(1).
To qualify as a volunteer, the firefighters cannot receive “compensation,” but they can receive a' “nominal fee.” 29 U.S.C. § 203(e)(4)(A). In deciding whether a fee is nominal, the Department of Labor’s regulations require that we “ex-amin[e] the total amount of payments made ... in the context of the economic realities of the particular situation.” 29 C.F.R. § 553.106(f). Here, the firefighters receive a fee of $15 for each hour that they actually respond to fires. Whether that fee is nominal is a close call, but for two reasons I think it is.
In determining whether a fee is nominal, we must consider the value of the service at issue. Fifteen dollars per hour might not be a nominal fee for a fast-food worker, but for a surgeon who provides her services to some charitable organization, it surely would be. Here, the firefighters provide a service of significant value-indeed, they routinely risk their own lives while protecting the lives and property of others.
Second, as a practical matter,- the firefighters receive considerably less than $15 per hour for their time in that role. The firefighters must complete 152 hours of training, pass an examination, and then complete an additional 73 hours of training each year. The City, does not pay the firefighters for any of this time. Thus, even when just the annual training is taken into account, the average firefighter receives approximately $8.67 per hour, which is little more than minimum wage. Amortize in the front-end training, and a McDonald’s employee receives more than these public servants do. I would therefore hold that the firefighters are what the City says they are: volunteers.
But in any event the firefighters are not employees. As noted above, the statute defines “employee” as “any individual employed by an employer.” 29 U.S.C. § 203(e)(1). The statute also defines the term “employ” to mean “to suffer or permit to work[.]” Id. § 203(g). Putting these definitions together, an employee is an individual whom an employer “suffer[s] or permitís] to work.”
The firefighters do not satisfy this definition. Shortly after Congress passed the Fair Labor Standards Act, the Supreme Court interpreted the term “work” — as used in § 203(g) — to mean “physical or mental exertion” that is “controlled or required by the employer [.]” Tenn. Coal, Iron & R.R. Co. v. Muscoda Local No. 123, 321 U.S. 590, 598, 64 S.Ct. 698, 88 L.Ed. 949 (1944) (emphasis added). Here, the City neither controls nor requires the firefighters’ efforts. The first firefighter to respond to a fire typically controls the scene; the City does not send anyone to supervise them. And the City does not require a firefighter to respond to any fires in the first place. Indeed a firefighter could go for years without responding to a single fire — and the City would not discipline him.
Persons that need a Family and Medical Leave Act are presumably persons who need leave not to show up for work. That description does not apply to the City of *574 Gibraltar’s firefighters. I respectfully dissent.